[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10813
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cr-00250-LSC-SGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHAKADERIUS ARCHIE TONEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(February 9, 2017)

Before WILLIAM PRYOR, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Shakaderius Toney appeals his sentence of imprisonment for 37 months, after pleading guilty to being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). Toney argues that his sentence at the high end of the advisory guideline range is unreasonable. He contends that the district court abused its discretion by focusing almost exclusively on his criminal history and by not considering the mitigating factors he presented at sentencing. We affirm.

We review the reasonableness of a sentence under a deferential standard for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41 (2007).

The district court did not abuse its discretion. The record establishes that the district court listened to Toney's arguments at sentencing about the mitigating factors in his history and characteristics, but determined that his request for a sentence of 30 months' imprisonment, the low-end of the advisory guideline range, was too lenient. Although the district court mentioned that Toney's criminal history was "horrendous for a short period of time," the district court also considered Toney's history and characteristics, the nature of his offense, the need for deterrence, and the protection of the public. The district court did not rely on a single factor to the detriment of others, give weight to an irrelevant factor, or make a clear error of judgment when it gave greater weight to Toney's criminal history. Toney's 37-month sentence is well below the statutory maximum penalty of 120

2

months of imprisonment and is only 7 months longer than the sentence that he requested.

**AFFIRMED.**